IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL SCHIAVONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-1269 (MN) |
| | ) |
| BANK OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Michael Schiavone, Northfield, New Jersey.  Pro Se Plaintiff.

Samuel Lee Moultrie and Steven T. Margolin, GREENBERG TRAURIG, LLP, Wilmington, Delaware; Tonya L. Urps, MCQUIRE WOODS LLP, Charlotte, North Carolina.  Counsel for Defendants.

August 13, 2019
Wilmington, Delaware

**NOREIKA, U.S. District Judge:**

Plaintiff Michael Schiavone ("Plaintiff") appears *pro se*. He commenced this action on August 20, 2018 alleging violations of several federal statutes.[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Before the Court is Defendants' motion to dismiss and Plaintiff's opposition. (D. I. 7, 8, 12, 14, 15). Briefing is complete.

**I.    BACKGROUND**

Plaintiff's father was issued a credit card in 2007 by Defendants Bank of America ("Bank of America") as a franchise and subdivision of Bank of America, N.A. ("Bank of America, N.A.") (together, "Defendants"). (D.I. 1 ¶¶ 2, 7). At the time his father was 87. (*Id*.). Plaintiff alleges that it was impossible for his father to understand the terms of the credit card contract/agreement. (*Id*.). He alleges that the terms increased the interest level and merchant fees more than the bank disclosed to consumers and the interest and fees were added to consumers' accounts. Plaintiff also alleges that loan/credit card is predatory because his father was induced to take the credit under the pretense of low interest which was later changed and higher than disclosed. Plaintiff alleges that on or about April 1, 2018, he and his father were unable to make payments and his father, who is now in his 90's, does not have the funds to pay back the debt. (*Id*. ¶ 8). Plaintiff alleges that at no time did Defendants disclose changes of terms, interest, fees, and other liabilities. (*Id*. ¶ 14). He alleges that at no time did Defendants inform Plaintiff that the loan was made by a franchise entity/bank for a European Corporation with no legal business address and that "Master Card" gave the franchise to Bank of America. (*Id*. ¶ 15).

---

[1] The Complaint contains 158 pages. Most of those pages are devoted to Paragraph 12, a 2008 article written by law school professor Adam J. Levitin titled "Priceless? The Economic Costs of Credit Card Merchant Restraints." (*Id*. ¶ 12, pp. 4-157). The article is not considered by the Court.

Plaintiff alleges violation of the False Claims Act, 31 U.S.C. § 3729; the Truth in Lending Act, 15 U.S.C. § 1601, the Consumer Credit Protection Act of 1988, the Fair Credit and Charge Card Disclosure Act of 1988, and the Credit Card Accountability Responsibility and Disclosure Act. (*Id.* ¶ 1). Plaintiff also alleges Defendants violated the usury laws of the State of Delaware. (*Id.* ¶¶ 10, 13). He seeks $500,000 in compensatory damages. (*Id*. at 158).

Defendants move to dismiss pursuant to Fed. R. Civ. P. 8(a), 9(b), and 12(b) on the grounds that: (1) Plaintiff does not have standing to assert any claim because he is not an obligor on the account about which he complains; (2) Plaintiff, who proceeds *pro se*, cannot represent his father; (3) the Complaint fails to meet the notice pleading standard of Rule 8; (4) the complaint fails to meet the heightened pleading standard of Rule 9; (5) the Delaware usury clam is preempted by federal law; and (6) the Truth in Lending Act and fraud claims are barred by the statute of limitations.

## II.  LEGAL STANDARDS

### A.  Fed. R. Civ. P. 8

Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

### B.  Fed. R. Civ. R. 9

Fraud claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *United States ex rel. Whatley v. Eastwick Coll*., 657 F. App'x 89, 93 (3d Cir. 2016). Under Rule 9(b), plaintiffs must "state with particularity the circumstances constituting fraud or mistake." "Rule 9(b) falls short of requiring every material detail of the fraud such as

date, location, and time" but requires "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *In re Rockefeller Center Properties, Inc. Securities Litigation*, 311 F.3d 198, 216 (3d Cir. 2002) (internal quotations omitted) (citing *In re Nice Systems, Ltd. Securities Litigation*, 135 F.Supp.2d 551, 577 (D.N.J. 2001)).

    **C.**    **Rule 12(b)(6)**

When a plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id*. at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court is not obligated to accept as true "bald assertions" or "unsupported

conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc*., 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). In addition, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).

## III. DISCUSSION

### A. Standing

Defendants move to dismiss for Plaintiff's lack of standing because he is not the account holder on the credit card and is not personally indebted to Defendants. Plaintiff responds that he "is on the account and has for the account a credit card along with his father." (D.I. 12 ¶ 2). Plaintiff asserts that he had "some sort of nominal interest in the account." (*Id*. ¶ 3).

"The 'core component'" of the requirement that a litigant have standing to invoke the authority of a federal court "is an essential and unchanging part of the case-or-controversy requirement of Article III." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 343 (2006) (citations omitted). "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984), *abrogated on other grounds*, 572 U.S. 118 (2014). Also, "a plaintiff must demonstrate standing separately for each form of relief sought." *DaimlerChrysler Corp*., 126 S.Ct. at 1867 (citations omitted).

"Decisional law indicates that [] authorized users are not regarded as contractually liable for charges they make on the account." *In re Laursen*, 214 B.R. 378, 381 (D. Neb. 1997); *see also Edwards v. Wells Fargo and Co.*, 606 F.3d 555 (9th Cir 2010) (credit card issuer owed duty to credit card holder as obligor (*i.e.*, person to whom credit card issued) and not to authorized user). The allegations in the Complaint are clear that Defendants issued the credit card to Plaintiff's father, and not Plaintiff, in 2007. Nowhere in the Complaint does Plaintiff allege that he personally opened the credit card account at issue or that he is an obligor on the account. At most, he appears to allege that he is an authorized user on the account. Nor are they any allegations that Defendants told Plaintiff he is personally liable on the account or that they have sought to hold Plaintiff personally liable.

Because Plaintiff is not the obligor on the card, there are no allegations that Defendants sought to hold Plaintiff liable, and there are no other allegations of an injury in fact, Plaintiff has failed to meet a critical element of standing. Plaintiff lacks standing and, therefore, the Complaint must be dismissed. Defendants' motion to dismiss will be granted.

**B.     Other Grounds for Dismissal**

As a non-attorney, Plaintiff may not act as an attorney on behalf of other individuals, including his father, and may only represent himself in this court. 28 U.S.C. § 1654; *see also Osei-Afriye v. The Medical Coll. of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing *pro se* may not act as attorney for his children).

Plaintiff's claims under the Truth in Lending Act, the Fair Credit and Charge Card Disclosure Act of 1988, and the fraud claims under Delaware law are time-barred. The statute of limitations for claims under the Truth in Lending Act, the Fair Credit and Charge Card Disclosure Act of 1988 and Regulation Z, is one year "from the date of the occurrence of the violation."

5

15 U.S.C. § 1640(e); *Dehart v. Homeq Servicing Corp.*, 2013 WL 12147768, at *3 (E.D. Pa. June 25, 2013). Here, the Complaint alleges that Defendants did not make disclosures in 2007, yet the action was not commenced until 2018. In light of the absence of any alleged act or conduct by Defendants during the one-year period before Plaintiff filed the Complaint, Plaintiff's claims under the Truth in Lending Act and the Fair Credit and Charge Card Disclosure Act, even assuming the statutes are properly invoked, are time-barred.

In addition, under Delaware law, there is a three year statute of limitations for fraud claims. *See* 10 Del. C. § 8106; *see also Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 363845, at *6 (Del. Ch. Jan. 27, 2010) ("A three year statute of limitations applies in Delaware to claims 'arising from a promise,' including claims for . . . fraud." (citing 10 Del. C. § 8106), *aff'd*, 7 A.3d 485 (Del. 2010)); *see Krahmer v. Christie's Inc.*, 903 A.2d 773, 778 (Del. Ch. 2006) ("the applicable statute of limitations is 10 Del. C. § 8106, which imposes a three-year period for claims of negligent misrepresentation and equitable fraud"). The claim accrues and the statute of limitations begins to run, "at the moment of the wrongful act and not when the effects of the act are felt." *Sunrise Ventures*, 2010 WL 363845, at *6 (citation omitted); *see also Coleman v. PricewaterhouseCoopers, LLC*, 854 A.2d 838, 842 (Del. 2004). Here, the Complaint alleges that fraud occurred at the time Plaintiff's father's credit card was issued in 2007. The Complaint was filed in 2018, some eight years after the expiration of the statute of limitations period.

Plaintiff, who proceeds *pro se*, may not bring a False Claims Act. "The False Claims Act creates a cause of action for the United States to recover economic losses incurred from fraudulent claims for payment." *United States ex rel. Babalola v. Sharma*, 746 F.3d 157, 164 (5th Cir. 2014)). "[A]n individual proceeding *pro se* cannot pursue a [False Claims Act] claim, because every circuit is in agreement that 'a *pro se* litigant may not pursue a qui tam action on behalf of

6

the Government.'" *Gunn v. Credit Suisse Group AG*, 610 F. App'x 155, 157 (3d Cir. 2015)) (affirming district court's dismissal of a qui tam action because it was filed by a *pro se* litigant).

Defendants move to dismiss the Delaware usury claim because it is preempted by the National Bank Act, 12 U.S.C. § 1, *et seq*. "In *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003), the Supreme Court definitively held that §§ 85 and 86 of the [National Bank Act] completely preempt state law usury claims against national banks." *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 294-95 (3d Cir. 2005). "Because §§ 85 and 86 provide the exclusive cause of action for such claims, there is, in short, no such thing as a state-law claim of usury against a national bank." *Beneficial Nat. Bank*, 539 U.S. at 11.

Finally, the Complaint fails to state claims for violation of the Consumer Credit Protection Act of 1988, 15 U.S.C. § 1641(g) and the Credit Card Accountability Responsibility and Disclosure Act of 2009, 15 U.S.C. § 1637. The Complaint contains no facts demonstrating that either Defendant violated any specific provision of either statute. Indeed, the Complaint merely mentions the names of the Act.

## IV. <u>CONCLUSION</u>

For the above reasons, the Court will grant Defendants' motion to dismiss. (D.I. 7). The Court finds amendment futile.

An appropriate order will be entered.